**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

JUDD A. GARBETT
LINDA S. GARBETT

Case No.  09-30177

Debtors

**MEMORANDUM ON
OBJECTION TO EXEMPTION**

**APPEARANCES:**   MOSTOLLER, STULBERG & WHITFIELD
  Ann Mostoller, Esq.
  136 South Illinois Avenue
  Suite 104
  Oak Ridge, Tennessee  37830
  Attorneys for Debtors

  LAW OFFICES OF MAYER & NEWTON
  John P. Newton, Jr., Esq.
  1111 Northshore Drive
  Suite S-570
  Knoxville, Tennessee  37919
  Attorneys for Chapter 7 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection to Exemption filed on April 24, 2009, by the Chapter 7 Trustee, John P. Newton, Jr. (Trustee), objecting to the Debtors' joint claim to an exemption in a $4,797.00 tax refund, arguing that the refund is attributed wholly to Mrs. Garbett and that no portion of the refund should be allowed as exempt by Mr. Garbett.

At the initial hearing on May 14, 2009, the parties advised that an evidentiary hearing would not be necessary and that all issues could be resolved on stipulations and briefs.  Thereafter, the parties filed the Stipulations of Facts on June 1, 2009, which was amended on June 4, 2009, by the filing of the Amended Stipulations of Facts (Stipulations), containing undisputed facts and two exhibits.  On June 8, 2009, the Debtors and the Trustee filed briefs in support of their respective positions.

This is a core proceeding.  28 U.S.C. § 157(b)(2)(A), (O) (2006).

# I

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 7 on January 16, 2009.  On April 20, 2009, they filed an Amended Schedule C - Property Claimed as Exempt, jointly claiming as exempt their 2008 tax refund in the amount of $4,797.00.  STIP. EX. 1. The Trustee filed his Objection to Exemption on April 24, 2009, arguing that the tax refund was attributed entirely to Mrs. Garbett and that Mr. Garbett is, therefore, not entitled to an exemption. The Trustee further argues that the total of Mrs. Garbett's exemption cannot exceed the $4,000.00 personal property amount allowed by Tennessee Code Annotated § 26-2-103 (2000), thus limiting

her exempt portion of the refund to $2,635.00, leaving $2,162.00 available for distribution as non-exempt property of the estate.[1]

On May 20, 2009, the court entered a Pre-Trial Order submitted by the parties defining the issues as "whether the Trustee's objection to the Debtors' exemption pursuant to TCA § 26-2-103 specifically related to the claim of exemption for the 2008 joint Tax Refund by the Debtors in the amount of $4,797.00, whether it should be attributable entirely to the spouse, wife, and therefore whether the amount claimed by the wife exceeds the $4,000.00 limit under TCA § 26-2-103 exemption."

Based upon the Stipulations and exhibits, including the Debtors' joint Form 1040 Individual Income Tax Return for 2008, the following facts are undisputed: (1) Mrs. Garbett's wages for 2008 totaled $11,073.36 and Mr. Garbett's wages totaled $1,080.48; (2) a total of $489.59 ($489.00) in federal income tax was withheld from Mrs. Garbett's wages in 2008 and no federal income tax was withheld from Mr. Garbett's wages; (3) the Debtors' adjusted gross income for 2008 was $11,916.00 and their taxable income was $0.00; (4) the Debtors incurred an "additional" tax liability of $149.00 attributable to a distribution from their joint IRA; and (5) the Debtors received a joint tax refund for 2008 of $4,797.00, representing a refund of the $489.00 federal income tax withheld from Mrs. Garbett's wages plus an earned income credit of $4,170.00 and an additional child tax credit of

---

[1] Tennessee Code Annotated § 26-2-103 provides that "[p]ersonal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment . . . ." TENN. CODE ANN. § 26-2-103. Here, the Debtors claim a joint exemption of $7,527.00 in their personal property, allocating fifty percent (50%), or $3,763.50, to each Debtor. Of this amount, $2,398.50 represents 50% of the $4,797.00 tax refund claimed exempt by each Debtor. The allocation of the additional $236.50 of the tax refund to Mrs. Garbett would maximize her exemption in the refund at $2,635.00 thus capping her exemptions at the $4,000.00 statutory maximum.

3

$287.00, less the $149.00 tax attributable to an early withdrawal from the Debtors' IRA. *See* STIP. Ex. 2.

## II

The filing of the Debtors' bankruptcy petition created their bankruptcy estate, and all property and interests in property owned by them became property of the estate. 11 U.S.C. § 541(a) (2006). This broad definition includes all pre-petition interests, including tax refunds based upon pre-petition earnings and taxes as well as refundable credits such as earned income credits and child tax credits so long as they are "sufficiently rooted in a debtor's prepetition past[.]" *In re Baylosis*, 2007 WL 1206739, at *2, 2007 Bankr. LEXIS 1450, at *6-7 (Bankr. E.D. Tenn. Apr. 24, 2007) (citations omitted). Nevertheless, to ensure that a debtor retains sufficient property to obtain a fresh start, debtors may exempt property interests as follows:

> (b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. In joint cases filed under section 302 of this title . . ., one debtor may not elect to exempt property listed in paragraph (2) and the other debtor elect to exempt property listed in paragraph (3) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (2), where such election is permitted under the law of the jurisdiction where the case is filed.
>
> (2) Property listed in this paragraph is property that is specified under section (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.
>
> (3) Property listed in this paragraph is—
>
>> (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately

>preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place; [and]
>
>(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law[.]

11 U.S.C. § 522 (2006). Exempted property "is subtracted from the bankruptcy estate and not distributed to creditors[.]" *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003) (citations omitted). Exemptions, which are construed liberally in favor of debtors, are determined as of the date upon which the bankruptcy case is commenced, *In re Nipper*, 243 B.R. 33, 35 (Bankr. E.D. Tenn. 1999), and when "it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." *In re Lichtenberger*, 337 B.R. 322, 324 (Bankr. C.D. Ill. 2006). Nonetheless, "[w]hen debtors filed a joint petition, their 'estates are in legal effect separate or several' [and each] spouse can claim an exemption only in property from his or her separate estate." *Nipper*, 243 B.R. at 39 (quoting *In re Howard*, 6 B.R. 220, 222 (Bankr. S.D. Ohio 1980)).

In order to claim property as exempt, debtors must file a statement listing the property along with the amount of the claimed exemption and the statutory basis therefor. *See* FED. R. BANKR. P. 4003(a). Under § 522(b), the "opt out" provision, states are allowed to require debtors to use their exemptions rather than the federal exemptions enumerated in § 522(d). Tennessee has "opted out" of the federal exemptions, and therefore, the Debtors in this case must use Tennessee's statutory exemptions. *See* TENN. CODE ANN. § 26-2-112 (2000); *see also Rhodes v. Stewart*, 705 F.2d 159,

161-62 (6th Cir. 1983) (finding that Tennessee's "opt-out" statute is constitutional).  As a party in interest, the Trustee is authorized to object to the Debtors' exemptions and, pursuant to Rule 4003(c) of the Federal Rules of Bankruptcy Procedure, he bears the burden of proof by a preponderance of the evidence that the exemption was improperly claimed.  Otherwise, it retains its prima facie presumption of correctness and will stand. *In re Mann*, 201 B.R. 910, 915 (Bankr. E.D. Mich. 1996).

The parties do not dispute that the $4,797.00 tax refund is property of the Debtors' bankruptcy estate and that it is subject to exemption up to the statutory limits.  Instead, the dispute centers around the division of the joint tax refund for the purposes of the amount which each debtor may exempt under Tennessee's personal property exemption statute:

> Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to the debtor's vocation or pursuit or to the ownership of the debtor's abode.  Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest.

TENN. CODE ANN. § 26-2-103.  The Debtors contend that, since the refund resulted from the filing of their joint tax return, they hold it as tenants by the entireties and, pursuant to *In re Hensley*, 393 B.R. 186 (Bankr. E.D. Tenn. 2008), they may each claim an exemption in one-half of the proceeds.  The Trustee, however, contends that since Mrs. Garbett earned the majority of the income represented on the joint tax return, any exemption in the refund must be likewise apportioned.

6

When faced with the question of allocating tax refunds in bankruptcy cases, courts have generally adopted one of two approaches: the Withholding Rule or the 50/50 Refund Rule.[2] The Withholding Rule provides for the division of a joint tax refund in proportion with each spouse's tax withholdings. *See, e.g., Carlson v. Moratzka (In re Carlson),* 394 B.R. 491 (B.A.P. 8th Cir. 2008) (affirming the bankruptcy court's adoption of the rule under Minnesota law); *Kleinfeldt v. Russell (In re Kleinfeldt)*, 287 B.R. 291 (B.A.P. 10th Cir. 2002) (affirming the bankruptcy court but not applying state law). Conversely, the 50/50 Refund Rule provides that each debtor is entitled to claim fifty percent of the tax refund, subject to a rebuttable presumption. For some courts, this rule relies heavily upon a correlation with state domestic relations law, primarily the division of assets in a divorce. *See, e.g., In re Trickett,* 391 B.R. 657 (Bankr. D. Mass. 2008); *In re Marciano,* 372 B.R. 211 (Bankr. S.D.N.Y. 2007); *In re Innis,* 331 B.R. 784 (Bankr. C.D. Ill. 2005) (adopting the 50/50 Refund Rule without any sort of rebuttable presumption); *In re Barrow,* 306 B.R. 28 (Bankr. W.D.N.Y. 2004); *Lovey v. Aldrich (In re Aldrich)*, 250 B.R. 907 (Bankr. W.D. Tenn. 2000).[3] After

---

[2] A few decisions refer to a third approach, the Income Rule, in which the refund is divided in proportion to the income generated by each spouse. *See, e.g., In re Levine*, 50 B.R. 587 (Bankr. S.D. Fla. 1985). This approach, however, appears to have been abandoned due to state law decisions holding that joint tax refunds may be held by debtors as entireties property. *See Dillworth v. Hinton (In re Hinton)*, 378 B.R. 371 (Bankr. M.D. Fla. 2007); *In re Kossow*, 325 B.R. 478 (Bankr. S.D. Fla. 2005).

Additionally, while the majority of these cases were decided in the context of accounting for the allocation of a joint tax refund for a non-filing spouse, two cases do address the issue of a joint tax refund in a jointly filed bankruptcy case. *See Carlson v. Moratzka (In re Carlson),* 394 B.R. 491 (B.A.P. 8th Cir. 2008) (adopting the Withholding Rule); *In re Hejmowski*, 296 B.R. 645 (Bankr. W.D.N.Y. 2003) (adopting the 50/50 Refund Rule).

[3] Tennessee's division of marital property statute provides, in part, as follows:

(a)(1) In all actions for divorce or legal separation, the court having jurisdiction thereof may, upon request of either party, and prior to any determination as to whether it is appropriate to order the support and maintenance of one (1) party by the other, equitably divide, distribute or assign the marital property between the parties without regard to marital fault in proportions as the court deems just.

. . . .

(continued...)

7

analyzing the approaches, the court finds that the 50/50 Refund Rule, subject to rebuttal based on the circumstances of each individual case, is most compatible with Tennessee law.

It is "well-settled" in Tennessee that spouses may own both realty and personal property as tenants by the entireties. *Hensley*, 393 B.R. at 194 (citing *Grahl v. Davis*, 971 S.W.2d 373, 378 (Tenn. 1998)); *see also White v. Watson*, 571 S.W.2d 493, 495 (Tenn. Ct. App. 1978) ("[W]hen personalty is jointly acquired by husband and wife without limitations or conditions attached to it, it become entireties property with a right of survivorship."). Similarly, Tennessee courts have held that "[p]roperty acquired during a marriage is presumed to be held by the entirety, unless proven otherwise[,]" *In re Estate of Grass*, 2008 WL 2343068, at *13, 2008 Tenn. App. LEXIS 343, at *34 (Tenn. Ct. App. June 4, 2008), and, as stated by the Tennessee Supreme Court, "there is clear authority in this state that a bank account or negotiable instrument in the name of 'husband or wife' will be deemed to convey a tenancy by the entirety with right of survivorship, in the absence of proof to the contrary." *Grahl*, 971 S.W.2d at 378. The court finds that this rebuttable presumption of joint ownership falls squarely in line with the 50/50 Refund Rule. Therefore, unless an objecting party

---

[3](...continued)
(b) For the purposes of this chapter:

(1)(A) "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.

TENN. CODE ANN. § 36-4-121(2005). While agreeing with the end result that the 50/50 Refund Rule applies, the court does not rely on Tennessee's division of marital property statute, which expressly provides that "[p]roperty shall be considered marital property as defined by this subsection (b) for the sole purpose of dividing assets upon divorce or legal separation and for no other purpose[.]" TENN. CODE ANN. § 36-4-121(b)(1)(E). The court agrees "it is state property law, not domestic relations law, that is applicable for purposes of § 541(a)." *In re Lock*, 329 B.R. 856, 859 (Bankr. S.D. Ill. 2005).

can prove, through the introduction of evidentiary proof to the contrary that the spouses intended otherwise, each is presumed to be the one-half owner of the whole.[4]

In contrast, the Withholding Rule, which "holds that a non-debtor spouse who has had no tax withholdings for the year in question is not entitled to any of a joint tax refund[,]" *Kleinfeldt*, 287 B.R. at 293, is based primarily upon the premise that "[t]he filing of joint tax returns does not alter property rights between husband and wife. In particular, the filing of a joint return does not have the effect of converting the income of one spouse into the income of another." *Callaway v. Comm'r*, 231 F.3d 106, 117 (2d Cir. 2000); *see also In re Lock*, 329 B.R. 856 (Bankr. S.D. Ill. 2005) ("Although joint federal filings are authorized by § 6013(a) of the Internal Revenue Code, 26 U.S.C. § 6013(a), this provision does not propose, nor does it imply, that any property rights are altered by a joint income tax filing."). The primary difference, however, between those courts adopting the Withholding Rule and those adopting the 50/50 Refund Rule is the applicable underlying state law.

In reaching its determination to adopt the Withholding Rule, the *Carlson* court, applying Minnesota property law, pointed out that it "is neither a community property nor a tenancy by

---

[4] In support of his argument, the Trustee relies, in part, on *In re Larish*, 149 B.R. 117 (Bankr. M.D. Tenn. 1993), in which it was held that "[a]ny interest of the [non-debtor spouse] in the tax refund must be attributable to her income." 149 B.R. at 119. The court based its decision in large part upon the following:

> Applying Tennessee law, the filing of a joint tax return does not by itself convert [the debtor's]. entitlement to a tax refund into a tenancy by the entirety. The creation of tenancy by the entirety requires an instrument of conveyance containing proper words of conveyance and demonstrating intent to transfer the granter's interest into entireties property. There is no conveyancing instrument here. A joint tax return lacks any operative words of conveyance and does not, without additional language, constitute an instrument of conveyance.

*Larish*, 149 B.R. at 118 (citations omitted). This court respectfully disagrees that Tennessee law requires an instrument of conveyance for the creation of a tenancy by the entireties in personal property and bases its ruling in this matter as to the nature of tenants by the entireties upon the more recent rulings of Tennessee courts as cited herein.

9

entireties state, and, in general, has no presumption of equal ownership between spouses. Rather, with certain limited exceptions, a spouse in Minnesota is presumed to separately own property titled in his or her own name." *Carlson*, 394 B.R. at 494. Similarly, the court in *In re Smith* endorsed the Withholding Rule by finding that "Ohio law explicitly leaves property rights unaltered by the fact of marriage. Neither husband nor wife has any interest in the property of the other, except (implicit in the duty to support), the right to dower, and the right to remain in the mansion house after the death of either." 310 B.R. 320, 323 (Bankr. N.D. Ohio 2004) (quoting *In re Taylor*, 22 B.R. 888, 890 (Bankr. N.D. Ohio 1982) (internal citations, quotations, and parentheticals omitted)); *see also In re Edwards*, 400 B.R. 345 (D. Conn. 2008) (affirming the bankruptcy court as "appropriate in Connecticut because the state's property laws emphasize the independent property rights of husband and wife."); *In re Gartman*, 372 B.R. 790 (Bankr. D.S.C. 2007) ("This Court finds that South Carolina law is most consistent with the majority's approach of dividing the tax return based on the parties' respective withholdings."). Nevertheless, the laws in those states do not fall in line with the law in Tennessee that, absent evidence to the contrary, property owned by married persons jointly is held as entireties property, and the court agrees that, as stated by the *Marciano* court, "[t]he presumption of equal ownership contained in the 50/50 Refund Rule is not a simple division. Allocation of a joint tax refund must be predicated upon considerations of exemptions, deductions, and other intangible factors traceable to the spouse whose income is not listed on the tax return." *Marciano*, 372 B.R. at 216.[5]

---

[5] Another argument against adopting the Withholding Rule with which the court agrees is that it does not take into account the fact that when a joint return is filed, taxes are computed on the aggregate income of both spouses, and both are jointly and severally liable for the full amount, irrespective of the income earned by each spouse individually. *See, e.g., In re Vongchanh,* 2009 WL 1852452, at *3, 2009 Bankr. LEXIS 1829, at *8-9 (Bankr. N.D. Ill. June 29, 2009); *In re Barrow,* 306 B.R. 28, 30-31 (Bankr. W.D.N.Y. 2004); *see also Ashbury v. United States (In re Ashbury)*,

(continued...)

As previously stated, there is a presumption in Tennessee that personal property acquired after marriage is held by both spouses as tenants by the entireties, "a form of co-ownership held by husband and wife with right of survivorship, is defined as an estate held by husband and wife by virtue of title acquired by them jointly after marriage . . . [a]nd an estate by the entireties involves the unities of time, title, interest, and possession, as well as the husband and wife unity of ownership." *In re Estate of Russell*, 1997 WL 249961, at *7, 1997 Tenn. App. LEXIS 333, at *18 (Tenn. Ct. App. May 14, 1997)[6] (citations and internal quotation marks omitted).[7] Accordingly, with respect to a joint tax return, the court agrees with the following analysis:

> Generally, a husband and wife must sign and file a joint tax return. TREAS. REG. § 1.6013-1(a)(2). The effect of a joint filing is that both spouses are jointly and severally liable for any tax liability. I.R.C. § 6013(d)(3). Furthermore, where a joint tax return is filed, any tax refund check is issued in the names of both spouses. Based upon the nature of the joint return, the Court concludes that a joint income tax refund constitutes personal property that satisfies the unities of possession, interest, title, and time with right of survivorship subject to a rebuttable presumption.

*In re Kossow*, 325 B.R. 478, 488 (Bankr. S.D. Fla. 2005) (finding that genuine issues of material fact existed with respect to the parties' intent to create a tenancy by the entireties based upon clauses in a prenuptial agreement); *see also In re Freeman*, 387 B.R. 871 (Bankr. M.D. Fla. 2008) (holding that

---

[5](...continued)
1996 Bankr. LEXIS 1251, at *7 (Bankr. E.D. Tenn. Sept. 23, 1996) ("The parties to a joint tax return benefitting from a lower tax rate, share joint and several liability for the tax due, regardless of who earns the income.").

[6] There is a discrepancy as to the filing date of this opinion. Westlaw reports a date of May 14, 1997, while Lexis reports it as having been filed on May 17, 1997.

[7] Tennessee courts have also recognized that separate property may be converted into marital property through commingling and transmutation. Commingling occurs when the separate property is "inextricably mingled with marital property or with the separate property of the other spouse[; however, i]f the separate property continues to be segregated or can be traced into its product, commingling does not occur[.] . . . [Transmutation] occurs when separate property is treated in such a way as to give evidence of an intention that it become marital property." *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 747 (Tenn. 2002) (citations omitted).

11

when none of the contingencies exist to revoke a tenancy by the entireties, a joint tax refund qualifies and may be exempt under 11 U.S.C. § 522(b)(3)(B)).[8] Nevertheless, the presumption that property acquired during marriage is marital property "can be rebutted by evidence of circumstances or communications clearly indicating an intent that the property remain separate." *Eldridge v. Eldridge*, 137 S.W.3d 1, 13-14 (Tenn. Ct. App. 2002).

The Trustee seeks to rebut the presumption by introduction of the Debtors' tax return and the attached W-2 forms, evidencing that Mrs. Garbett earned $11,077.36 compared to a total of $1,080.48 earned by Mr. Garbett, along with the fact that only Mrs. Garbett had any withholding deducted from her income. *See* STIP. COLL. EX. 2. The Trustee, in essence, urges the court to ignore all other portions of the Debtors' joint tax return which gave rise to the refund and to focus solely on the wages of each Debtor and the taxes withheld, thereby concluding that 100% of the refund attributable to withholding must be claimed exclusively by Mrs. Garbett. The Trustee would, in the same manner, apportion the collective earnings of the Debtors to allocate approximately 90% of the earned income credit and additional child tax credit to Mrs. Garbett, leaving Mr. Garbett eligible to claim approximately 10% of that portion of the refund as exempt.

---

[8] Under Florida law, as in Tennessee,

> [p]roperty held as a tenancy by the entireties possesses six characteristics: (1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names).

*Beal Bank, SSB v. Almand & Assocs.*, 780 So.2d 45, 52 (Fla. 2001) (footnote omitted).

12

Under the Trustee's approach, the fact that the Debtors' adjusted gross income of $11,916.00 was reduced by the Debtors' standard deduction of $10,900.00 and exemptions for each of the Debtors and their two minor children totaling $14,000.00 would be discounted. The Trustee would also discount the fact that the Debtors' earned income of $10,415.00, upon which the earned income credit and additional child tax credit were figured, is the difference between the Debtors' combined wages of $12,157.00 and their $1,742.00 loss from partnerships and S corporations reported on Schedule E and that the refund was reduced by $149.00 due to the additional tax on the Debtors' joint IRA distribution. *See* STIP. COLL. EX. 2. Likewise, this approach does not take into account the requirement that in order to claim an earned income credit, married individuals must file a joint tax return. *See* 26 U.S.C. § 32(d) (2006).

Based upon the intermingling of the Debtors' income, deductions, exemptions, and taxes, the court finds that the Trustee has not rebutted the presumption that the Debtors hold as tenants by the entireties their 2008 tax refund in the amount of $4,797.00, which is attributed to their earnings subject to joint deductions and exemptions, joint capital gains, a joint IRA distribution, a joint earned income credit, and a joint additional child tax credit, less their joint tax liability due to the disbursement on their joint IRA. As previously held by this court, "the most equitable valuation of the jointly owned entireties property, for the purposes of the exemption statutes . . ., is an equal division." *Hensley*, 393 B.R. at 197; *see also Barry v. Woods*, 594 S.W.2d 687, 690 (Tenn. 1980) ("We recognize that the interest of a tenant by the entirety, in legal theory, does not consist of an undivided one-half interest in property. However, for practical purposes, and especially for tax purposes, it is frequently convenient to consider it so."). Accordingly, each of the Debtors is entitled

13

to claim an exemption in 50% of the refund, or $2,398.50, under Tennessee Code Annotated § 26-2-103.

An order overruling the Trustee's Objection to Exemption will be entered.

FILED: August 14, 2009

                                      BY THE COURT

                                      */s/ RICHARD STAIR, JR.*

                                      RICHARD STAIR, JR.
                                      UNITED STATES BANKRUPTCY JUDGE